UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

. LAREDO DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 4 2008 *PG*

Michael N. Milby, Clerk
Laredo Division

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| vs. | § |
| | § |
| MIGUEL ANGEL TREVINO-MORALES, | § |
|     A.K.A. "40", A.K.A. "MIKE", | § |
|     A.K.A. "CUARENTA", | § |
| OMAR TREVINO-MORALES, | § |
|     A.K.A. "42", | § |
| IVAN CABALLERO-VELASQUEZ, | § |
|     A.K.A. "TALIVAN", A.K.A. "50", | § |
| REYMUNDO REYES, | § |
|     A.K.A. "COMANDANTE MUNDO" | § |
| ERNESTO CARREON-VASQUEZ, | § |
|     A.K.A. "NUNE", | § |
| ERNESTO ALEJANDRO ESTRADA, | § |
|     A.K.A. "PEPE", | § |
| LUCIO VELEZ-QUINTERO, | § |
|     A.K.A. "EL VIEJON", | § |
| GABRIEL CARDONA-RAMIREZ, | § |
|     A.K.A. "PELON", A.K.A. "GABY", | § |
| JESUS GONZALEZ, III., | § |
|     A.K.A. "JESSE", A.K.A. "JESMAK", | § |
| WENCESLAO TOVAR, JR., A.K.A. | § |
|     "WENCY", | § |
| ERIC IVAN MARTINEZ, A.K.A. "47", | § |
| RICHARD GUERRERO, | § |
| FNU LNU, A.K.A. "THE MARINE", | § |
| ROBERTO CAMACHO, | § |
| JUAN ANTONIO CARREON-VASQUEZ, | § |
|     A.K.A. "CAMARON", | § |
| FNU LNU, A.K.A. "FLAMA", | § |
| FNU LNU, A.K.A. "PALENCIA", | § |
| JUAN CARLOS SANCHEZ-GAYTAN, | § |
|     A.K.A. "CHAPARRO", | § |
| EDUARDO CARREON-IBARRA, | § |
|     A.K.A. "NEGRO", | § |
| RENE GARCIA, A.K.A. "RANA", | § |

CRIMINAL NO.  L-08-244

MA

ANDRES ALFREDO HERNANDEZ,                §
JAIME MIGUEL DIAZ DE LEON,               §
    A.K.A. "MICHAEL",                    §
FNU LNU, A.K.A. "CHINO",                 §
ARMANDO GARCIA,                          §
    A.K.A. "CACHETES",                   §
RAUL JASSO, JR., A.K.A. "RICHARD",       §
JUAN JOSE ARRIAGA-OVALLE,                §
    A.K.A. "PANTERA",                    §
JUAN ADOLFO RAMOS,                       §
    A.K.A. "CORDLESS",                   §
    A.K.A. "KARATE",                     §
JOSE MARTINEZ, A.K.A. "PEPE",            §
GUSTAVO FABIAN CHAPA,                    §
GABRIEL ORTIZ,                           §
PAULA PAOLA PAREDES, AND                 §
AURORA DEL BOSQUE                        §

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### Introduction

At various times relevant to the Indictment,

1.    The Gulf Cartel, a.k.a. "La Compañia" [The Company] is a drug-trafficking and money-laundering organization which imports and distributes marijuana and cocaine from Mexico into the United States.

2.    The "Zetas" are the enforcement arm of the Gulf Cartel, a.k.a. "La Compañia" and its members engage in kidnapping, torture, and murder, as well as drug-trafficking and money laundering, to further the goals of the organization.

3.    **MIGUEL ANGEL TREVINO-MORALES, A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA"** [FORTY] is a leader and organizer within the Gulf Cartel, a.k.a. "La Compañia"

2

and its enforcement arm, the "Zetas".

4.      **OMAR TREVINO-MORALES, A.K.A. "42", IVAN CABALLERO-VELASQUEZ, A.K.A. "TALIVAN", A.K.A. "50", REYMUNDO REYES, A.K.A. "COMANDANTE MUNDO"** are supervisors of cells within the Gulf Cartel, a.k.a. "La Compañia" and its enforcement arm, the "Zetas".

5.      The Gulf Cartel, a.k.a. "La Compañia" has been in conflict and competition with the Sinaloa Cartel, a.k.a. "Los Chapos" for control of the United States-Mexico border in and around Laredo, Texas, i.e. the "Nuevo Laredo Plaza".

<u>Manner and Means</u>

It was part of the conspiracy that the defendants and other members of the Gulf Cartel, a.k.a. "La Compañia" and its enforcement arm, the "Zetas", would import cocaine and marijuana into the United States from Mexico.

It was further part of the conspiracy that the defendants and other members of the Gulf Cartel, a.k.a. "La Compañia" and its enforcement arm, the "Zetas", would travel in interstate and foreign commerce to effect the goals of the organization.

It was further part of the conspiracy that the defendants and other members of the Gulf Cartel, a.k.a. "La Compañia" and its enforcement arm, the "Zetas", would secure houses and apartments in Laredo, Texas to safeguard its controlled substances.

It was further part of the conspiracy that the defendants and other members of the Gulf Cartel, a.k.a. "La Compañia" and its enforcement arm, the "Zetas", would secure firearms to safeguard its controlled substances and its members.

It was further part of the conspiracy that the defendants and other members of the Gulf Cartel,

3

a.k.a. "La Compañia" and its enforcement arm, the "Zetas", would transport firearms in interstate and foreign commerce to effect the goals of the organization.

It was further part of the conspiracy that the defendants and other members of the Gulf Cartel, a.k.a. "La Compañia" and its enforcement arm, the "Zetas", would recruit and hire "sicarios" [assassins] to protect its territory and controlled substances from rival drug-trafficking organizations.

It was further part of the conspiracy that the defendants and other members of the Gulf Cartel, a.k.a. "La Compañia" and its enforcement arm, the "Zetas", would obtain transportation for its "sicarios".

It was further part of the conspiracy that the defendants and other members of the Gulf Cartel, a.k.a. "La Compañia" and its enforcement arm, the "Zetas", would rent houses and apartments to house its "sicarios".

It was further part of the conspiracy that the defendants and other members of the Gulf Cartel, a.k.a. "La Compañia" and its enforcement arm, the "Zetas", would utilize the "sicarios" to kidnap, torture, and murder rivals and opponents of the organization.

It was further part of the conspiracy that the defendants and other members of the Gulf Cartel, a.k.a. "La Compañia" and its enforcement arm, the "Zetas", would pay "sicarios" on a weekly basis with money, controlled substances, and other items of monetary value, to kidnap, torture, and murder rivals and opponents of the organization.

It was further part of the conspiracy that the defendants and other members of the Gulf Cartel, a.k.a. "La Compañia" and its enforcement arm, the "Zetas", would pay "sicarios" a bonus of money, controlled substances, and other items of monetary value, after each kidnapping, torture, and murder of rivals and opponents of the organization.

4

## COUNT ONE
(The Drug Conspiracy)

Beginning on or about August 2001, and continuing up to and including the date of this

Indictment, in the Southern District of Texas and elsewhere, and within the jurisdiction of the Court,

Defendants,

**MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
OMAR TREVINO-MORALES, A.K.A. "42",
IVAN CABALLERO-VELASQUEZ, A.K.A. "TALIVAN", A.K.A. "50",
REYMUNDO REYES, A.K.A. "COMANDANTE MUNDO",
ERNESTO CARREON-VASQUEZ, A.K.A. "NUNE",
ERNESTO ALEJANDRO ESTRADA, A.K.A. "PEPE",
LUCIO VELEZ-QUINTERO, A.K.A. "EL VIEJON",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK",
WENCESLAO TOVAR, JR., A.K.A. "WENCY",
ERIC IVAN MARTINEZ, A.K.A. "47",
RICHARD GUERRERO,
FNU LNU, A.K.A. "THE MARINE",
ROBERTO CAMACHO,
JUAN ANTONIO CARREON-VASQUEZ, A.K.A. "CAMARON",
FNU LNU, A.K.A. "FLAMA",
FNU LNU, A.K.A. "PALENCIA",
JUAN CARLOS SANCHEZ-GAYTAN, A.K.A. "CHAPARRO",
EDUARDO CARREON-IBARRA, A.K.A. "NEGRO",
RENE GARCIA, A.K.A. "RANA",
ANDRES ALFREDO HERNANDEZ,
JAIME MIGUEL DIAZ DE LEON, A.K.A. "MICHAEL",
FNU LNU, A.K.A. "CHINO",
ARMANDO GARCIA, A.K.A. "CACHETES",
RAUL JASSO, JR., A.K.A. "RICHARD",
JUAN JOSE ARRIAGA-OVALLE, A.K.A. "PANTERA",
JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",
JOSE MARTINEZ, A.K.A. "PEPE",
GUSTAVO FABIAN CHAPA,
GABRIEL ORTIZ,
PAULA PAOLA PAREDES, AND
AURORA DEL BOSQUE,**

did knowingly and intentionally conspire and agree together and with each other, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance.  This offense involved:

a)      a quantity of 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and

b)      a quantity of 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

<u>Overt Acts</u>

In furtherance of this conspiracy and to effect and accomplish the objects thereof, one or more of the defendants and conspirators, both indicted and unindicted, committed, among others, the following overt acts in the Southern District of Texas and elsewhere:

1.      Beginning at least in 2001, **MIGUEL ANGEL TREVINO-MORALES, A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA", OMAR TREVINO-MORALES, A.K.A. "42",** and **IVAN CABALLERO-VELASQUEZ, A.K.A. "TALIVAN", A.K.A. "50"** and others known and unknown to the Grand Jury imported marijuana and cocaine from Nuevo Laredo, Tamaulipas, Mexico into Laredo, Texas.

2.      Beginning at least in 2001, co-conspirators obtained houses in Nuevo Laredo, Tamaulipas, Mexico and Laredo, Texas to repackage marijuana and cocaine.

3.      Beginning at least in 2001, co-conspirators transported hundreds of loads of marijuana and cocaine from Laredo, Texas to Dallas, Texas utilizing automobiles and trucks.

4.      Beginning at least in 2001, co-conspirators transported drug proceeds generated by the sale of marijuana and cocaine from Dallas, Texas to Nuevo Laredo, Tamaulipas, Mexico.

5.      Beginning at least in 2003, co-conspirators obtained, purchased, and transported firearms from Dallas, Texas to Nuevo Laredo, Tamaulipas, Mexico.

6.      On or about February 2005, in Dallas, Texas, co-conspirators obtained and possessed approximately 18 firearms for **IVAN VELASQUEZ-CABALLERO, A.K.A. "TALIVAN", A.K.A. "50"**.

7.      On or about June 6, 2005, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"**, traveled from Laredo, Texas to Nuevo Laredo, Tamaulipas, Mexico to meet with **MIGUEL ANGEL TREVINO-MORALES, A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA"**.

8.      On or about June 6, 2005, **MIGUEL ANGEL TREVINO-MORALES, A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA"** introduced **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** to **ERIC IVAN MARTINEZ, A.K.A. "47"**.

9.      On or about June 6, 2005, **MIGUEL ANGEL TREVINO-MORALES, A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA"** recruited **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** to kidnap and/or kill Bruno Alberto Juarez-Orozco.

10.     On or about June 8, 2005, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY", WENCESLAO TOVAR, JR., A.K.A. "WENCY", ERIC IVAN MARTINEZ, A.K.A. "47", RICHARD GUERRERO**, and **FNU LNU, A.K.A. "THE MARINE"**, met and formulated a plan to kidnap Bruno Alberto Juarez-Orozco.

11.     On or about June 8, 2005, **WENCESLAO TOVAR, JR., A.K.A. "WENCY"** shot and killed Bruno Alberto Juarez-Orozco.

12.     On or about August 2005, **OMAR TREVINO-MORALES, A.K.A. "42"** and **IVAN**

CABALLERO-VELASQUEZ, A.K.A. "TALIVAN", A.K.A. "50" and other co-conspirators known and unknown to the Grand Jury imported from Mexico into Laredo, Texas and re-packaged approximately 307 pounds of marijuana and approximately 8 pounds of cocaine.

13.     On or about November 2005, a co-conspirator rented

        for use as a safe house for the "sicarios".

14.     On or about November 2005, a co-conspirator rented

                for use as a safe house for the "sicarios".

15.     On or about November 24, 2005, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY", JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE", RAUL JASSO, JR., A.K.A. "RICHARD"** and others known and unknown to the Grand Jury gathered at the safe house located at Apartment

16.     On or about November 24, 2005, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY", JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE", RAUL JASSO, JR., A.K.A. "RICHARD"** and others known and unknown to the Grand Jury possessed a Ruger 9mm caliber pistol and a Luger 9mm caliber Tec pistol at the safe house located at ,                           , Laredo, Texas.

17.     On or about November 24, 2005, **AURORA DEL BOSQUE** helped **RAUL JASSO, JR., A.K.A. "RICHARD"** escape from Police custody at the safe house located at


18.     On or about December 2005, a co-conspirator rented a house located at Street, Laredo, Texas for use as a safe house for the "sicarios".

19.     On or about December 6, 2005, a co-conspirator purchased a 1997 Ford Expedition

8

at Laredo Motors, Inc..

20.    On or about December 6, 2005, a co-conspirator purchased a 1998 Ford Expedition at Laredo Motors, Inc..

21.    On or about December 8, 2005, **JESUS GONZALEZ, III., A.K.A. "JESSE"** transported **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** and another co-conspirator (**JUVENILE #1**) to the Torta-Mex Restaurant located at 2020 Corpus Christi, Laredo, Texas in a Ford Excursion.

22.    On or about December 8, 2005, **JESUS GONZALEZ, III., A.K.A. "JESSE"** transported **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** and another co-conspirator (**JUVENILE #1**) conducted surveillance at the Torta-Mex Restaurant located at 2020 Corpus Christi, Laredo, Texas in a Ford Excursion.

23.    On or about December 8, 2005, a co-conspirator (**JUVENILE #1**) shot and killed Moises Garcia in the parking lot of the Torta-Mex Restaurant located at 2020 Corpus Christi, Laredo, Texas.

24.    On or about December 8, 2005, a co-conspirator (**JUVENILE #1**) shot and wounded Diana Loera in the parking lot of the Torta-Mex Restaurant located at 2020 Corpus Christi, Laredo, Texas.

25.    On or about January 8, 2006,  **JESUS GONZALEZ, III., A.K.A. "JESSE", GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** and another co-conspirator (**JUVENILE #1**) obtained a Nissan Sentra to use for the murder of Michael David Lopez.

26.    On or about January 8, 2006,  **JESUS GONZALEZ, III., A.K.A. "JESSE",**

GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY" and another co-conspirator (**JUVENILE #1**) took the Nissan Sentra to the safe house located at                    Street, Laredo, Texas.

27.     On or about January 8, 2006, **JESUS GONZALEZ, III., A.K.A. "JESSE", GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** and another co-conspirator (**JUVENILE #1**) obtained a .40 caliber pistol and a 9mm caliber pistol to use for the murder of Michael David Lopez.

28.     On or about January 8, 2006, **JESUS GONZALEZ, III., A.K.A. "JESSE", GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** and another co-conspirator (**JUVENILE #1**) shot and killed Noe Flores during the attempt to murder Michael David Lopez.

29.     On or about January 2006, **LUCIO VELEZ-QUINTERO, A.K.A. "EL VIEJON"** provided a co-conspirator $8,800.00 to purchase two vehicles for the use of the "sicarios".

30.     On January 19, 2006, **LUCIO VELEZ-QUINTERO, A.K.A. "EL VIEJON"** and others known and unknown to the Grand Jury gathered at the safe house located at

31.     On or about January 22, 2006, **GUSTAVO FABIAN CHAPA** drove the 1998 Ford Expedition from Mexico into the United States.

32.     On or about January 25, 2006, **ERNESTO CARREON-VASQUEZ, A.K.A. "NUNE"** arranged for the importation of approximately 1,000 pounds of marijuana by the river near Pico Road.

33.     On or about January 26, 2006, **ERNESTO ALEJANDRO ESTRADA, A.K.A.**

"PEPE" coordinated the importation of marijuana with **FNU LNU, A.K.A. "FLAMA"** and **FNU LNU, A.K.A. "PALENCIA"**.

34.     On or about January 26, 2006  **ERNESTO CARREON-VASQUEZ, A.K.A. "NUNE"**, **ERNESTO ALEJANDRO ESTRADA, A.K.A. "PEPE"**,  **FNU LNU, A.K.A. "FLAMA"**, **FNU LNU, A.K.A. "PALENCIA"**, **JUAN ANTONIO CARREON-VASQUEZ, A.K.A. "EL CAMARON"**, and others unknown to the Grand Jury imported approximately 130 kilograms of marijuana.

35.     On or about January 26, 2006 **JUAN ANTONIO CARREON-VASQUEZ, A.K.A. "EL CAMARON"** fired at Border Patrol Agents from the river banks in Mexico.

36.     On or about February 5, 2006, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** attempted to re-enter the United States using a false name.

37.     On or about February 6, 2006, **GABRIEL ORTIZ** and **PAULA PAOLA PAREDES** possessed approximately 10 kilograms of cocaine at

38.     On or about February 6, 2006, **GABRIEL ORTIZ** and **PAULA PAOLA PAREDES** possessed a MAK-90 7.62x39mm assault rifle at

39.     On or about February 8, 2006, **RENE GARCIA, A.K.A. "RANA"** and **ANDRES ALFREDO HERNANDEZ** traveled to Rio Bravo, Tamaulipas, Mexico to meet with **MIGUEL ANGEL TREVINO-MORALES, A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA".**

40.     On or about February 8, 2006, **MIGUEL ANGEL TREVINO-MORALES, A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA"**gave  **RENE GARCIA, A.K.A. "RANA"** and **ANDRES ALFREDO HERNANDEZ** $5,000.00 Dollars for **JAIME MIGUEL DIAZ DE LEON, A.K.A. "MICHAEL"**.

41.     On or about February 8, 2006, **MIGUEL ANGEL TREVINO-MORALES, A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA"** gave **RENE GARCIA, A.K.A. "RANA"** and **ANDRES ALFREDO HERNANDEZ** a list of targets (Chapos) for **JAIME MIGUEL DIAZ DE LEON, A.K.A. "MICHAEL"**.

42.     On or about February 18, 2006, **EDUARDO CARREON-IBARRA, A.K.A. "NEGRO" and JUVENILE #2**, crossed into the United States.

43.     On or about February 18, 2006, **ANDRES ALFREDO HERNANDEZ** housed **EDUARDO CARREON-IBARRA, A.K.A. "NEGRO" and JUVENILE #2**.

44.     On or about February 18, 2006, **REYMUNDO REYES, A.K.A. "COMANDANTE MUNDO"** called from Nuevo Laredo, Tamaulipas, Mexico to coordinate lodging for **EDUARDO CARREON-IBARRA, A.K.A. "NEGRO" and JUVENILE #2**.

45.     On or about February 18, 2006, **RENE GARCIA, A.K.A. "RANA"** rented a room at El Cortez Motel in Laredo, Texas for **EDUARDO CARREON-IBARRA, A.K.A. "NEGRO" and JUVENILE #2**.

46.     On or about February 18, 2006, **JAIME MIGUEL DIAZ DE LEON, A.K.A. "MICHAEL"** provided four weapons to **EDUARDO CARREON-IBARRA, A.K.A. "NEGRO" and JUVENILE #2** at El Cortez Motel in Laredo, Texas.

47.     On or about February 18, 2006, **JAIME MIGUEL DIAZ DE LEON, A.K.A. "MICHAEL"** provided an automobile to **EDUARDO CARREON-IBARRA, A.K.A. "NEGRO" and JUVENILE #2** at El Cortez Motel in Laredo, Texas.

48.     On or about March 17, 2006, **REYMUNDO REYES, A.K.A. "COMANDANTE MUNDO"** provided $5,500 Dollars for the rental of a house to be used by a group of "sicarios".

49.     On March 18, 2006, a group of "sicarios" shot and wounded Gerardo Ramos.

50.     On March 29, 2006, **ERNESTO ALEJANDRO ESTRADA, A.K.A. "PEPE"** traveled to Laredo, Texas to meet a money courier.

51.     On March 30, 2006, **JESUS GONZALEZ, III., A.K.A. "JESSE", GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",** and **RAUL JASSO, JR., A.K.A. "RICHARD"** kidnapped Jorge Alfonso Aviles, a.k.a. "Poncho" and Inez Villarreal.

51.     On March 30, 2006, **JESUS GONZALEZ, III., A.K.A. "JESSE", GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",** and **RAUL JASSO, JR., A.K.A. "RICHARD"** killed Jorge Alfonso Aviles, a.k.a. "Poncho" and Inez Villarreal.

52.     On March 31, 2006, a group of "sicarios" shot and wounded Julio Cesar Resendez.

53.     On March 31, 2006, **JOSE MARTINEZ, A.K.A. "PEPE"** dropped a cellular telephone during the shooting of Julio Cesar Resendez.

54.     On April 2, 2006, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY", JUAN JOSE ARRIAGA-OVALLE, A.K.A. "PANTERA", JOSE MARTINEZ, A.K.A. "PEPE", ARMANDO GARCIA, A.K.A. "CACHETES", RAUL JASSO, JR., A.K.A. "RICHARD"** and **JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE"** conducted surveillance to locate Jesus Maria Resendez, a.k.a. "Chuy".

55.     On April 2, 2006, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY", JUAN JOSE ARRIAGA-OVALLE, A.K.A. "PANTERA", JOSE MARTINEZ, A.K.A. "PEPE", ARMANDO GARCIA, A.K.A. "CACHETES", RAUL JASSO, JR., A.K.A. "RICHARD"** and **JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE"** shot and killed Jesus Maria Resendez, a.k.a. "Chuy" and Mariano Resendez.

56.     On or about April 8, 2006, **REYMUNDO REYES, A.K.A. "COMANDANTE MUNDO"** arranged for **FNU LNU, A.K.A. "CHINO"** to provide two semi-automatic pistols.

57.     On April 8, 2006, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY", RAUL JASSO, JR., A.K.A. "RICHARD", JUVENILE #3** and **JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE"** conducted surveillance at Cosmos Night Club to find and kill Marco Antonio Flores, a.k.a. "Mackie".

58.     On April 8, 2006, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY", RAUL JASSO, JR., A.K.A. "RICHARD", JUVENILE #3** and **JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE"** conducted surveillance at Taco Palenque Restaurant to find and kill Michael David Lopez.

59.     On April 8, 2006, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** called **MIGUEL ANGEL TREVINO-MORALES, A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA"** in Mexico to report on the attempts to kill Michael David Lopez and Marco Antonio Flores, a.k.a. "Mackie".

60.     On April 8, 2006,   **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** traveled to Nuevo Laredo, Tamaulipas, Mexico.

61.     On April 9, 2006,   **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** traveled from Nuevo Laredo, Tamaulipas, Mexico to Laredo, Texas.

62.     On April 10, 2006,   **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY", GUSTAVO FABIAN CHAPA,** and **ROBERTO CAMACHO** sent approximately 10 ounces of cocaine to Dallas, Texas.

63.     On April 11, 2006, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON",**

14

A.K.A. "GABY", RAUL JASSO, JR., A.K.A. "RICHARD", JUVENILE #3, ROBERTO

CAMACHO, and JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE" met

at a safe house located at _____, Laredo, Texas to prepare for the murder of

FNU LNU, a.k.a. "Checo".

64.     On August 11, 2007, co-conspirators, known and unknown to the grand jury,

attempted to ship approximately 166 kilograms of cocaine to Dallas, Texas.

65.     On August 13, 2007, co-conspirators, known and unknown to the grand jury,

attempted to ship approximately 88 kilograms of cocaine to Dallas, Texas.

66.     On February 8, 2008, co-conspirators, known and unknown to the grand jury,

attempted to transport approximately $870,535.00 Dollars from Dallas, Texas to Nuevo Laredo,

Tamaulipas, Mexico.

All in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

## COUNT TWO
(The Money Laundering Conspiracy)

Beginning on or about August 2001, and continuing up to and including the date of this

Indictment, in the Southern District of Texas and elsewhere, and within the jurisdiction of the Court,

Defendants,

**MIGUEL ANGEL TREVINO-MORALES,**
**A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",**
**OMAR TREVINO-MORALES, A.K.A. "42",**
**IVAN CABALLERO-VELASQUEZ, A.K.A. "TALIVAN", A.K.A. "50",**
**REYMUNDO REYES, A.K.A. "COMANDANTE MUNDO",**
**LUCIO VELEZ-QUINTERO, A.K.A. "EL VIEJON",**
**GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",**
**JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK",**
**RENE GARCIA, A.K.A. "RANA",**
**ANDRES ALFREDO HERNANDEZ,**

15

**JAIME MIGUEL DIAZ DE LEON, A.K.A. "MICHAEL",**
**RAUL JASSO, JR., A.K.A. "RICHARD",**
**JUAN JOSE ARRIAGA-OVALLE, A.K.A. "PANTERA",**
**JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",**

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury,

a)    to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, then well knowing that the financial transactions involved the proceeds of some form of unlawful activity, that is, the distribution of controlled substances, which property involved in the financial transactions represented the proceeds of a specified unlawful activity, that is the distribution of controlled substances, with (1) the intent to promote the carrying on of specified unlawful activity; namely the distribution of controlled substances; and (2) knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1), and

b)    to transport and transfer, and attempt to transport and transfer monetary instruments and funds, that is, U. S. Currency, from a place in the United States, to a place outside the United States, with the intent to promote the carrying on of a specified unlawful activity, that is, the sale and distribution of  controlled substances, in violation of Title 18, United States Code, Sections 1956(a)(2)(A).

In violation of Title 18, United States Code, Section 1956(h).

16

## COUNT THREE
(Solicitation to Kidnap Juarez-Orozco)

On or about June 6, 2005, in the Southern District of Texas, and elsewhere, and within the

jurisdiction of the Court, Defendant,

**MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40A", A.K.A. "MIKE", A.K.A. "CUARENTA",**

with the intent that **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"**,

and others known and unknown to the Grand Jury, engage in conduct constituting a felony that has

as an element the use, attempted use, and threatened use of physical force against the person of

another in violation of the laws of the United States, and under circumstances strongly corroborative

of that intent, did solicit, command, induce, and endeavor to persuade **GABRIEL CARDONA-**

**RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"**, and others known and unknown to the Grand

Jury to engage in such conduct, that is, to conspire to kidnap and to kidnap Bruno Alberto Juarez-

Orozco in violation of Title 18, United States Code Sections 1201(a)(1) and 1201©,

In violation of Title 18, United States Code, Section 373.

## COUNT FOUR
(Conspiracy to Kidnap Orozco-Juarez)

From on or about June 6, 2005 and continuing to on or about June 8, 2005, in the Southern

District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
RICHARD GUERRERO,
WENCESLAO TOVAR, JR., A.K.A. "WENCY",
ERIC IVAN MARTINEZ, A.K.A. "47", and
FNU LNU, A.K.A. "THE MARINE",**

17

did knowingly and unlawfully conspire and agree together and with each other, and with other persons known and unknown to the Grand Jury, to kidnap, abduct, seize, confine, and carry away, Bruno Alberto Orozco-Juarez, and willfully transport the victim in interstate and foreign commerce from the United States to Mexico, and hold him for reward and otherwise.

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects thereof, one or more of the defendants and co-conspirators, committed, among others, the following overt acts in the Southern District of Texas and elsewhere:

1.      On or about June 6, 2005, in Nuevo Laredo, Tamaulipas, Mexico, defendant, **MIGUEL ANGEL TREVINO-MORALES, A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA"** ordered the kidnapping and/or murder of Bruno Alberto Juarez-Orozco in Laredo, Texas.

2.      On or about June 6, 2005, in Laredo, Texas, the defendant, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"**, supplied a Volkswagen Jetta automobile to be used for the kidnapping.

3.      On or about June 6, 2005, in Laredo, Texas, the defendant, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"**, supplied an Oldsmobile Alero automobile to be used for the kidnapping.

4.      On or about June 6, 2005, in Laredo, Texas, the defendant, **ERIC IVAN MARTINEZ, A.K.A. "47"**, supplied a Dodge Ram truck to be used for the kidnapping.

5.      On or about June 6, 2005, in Laredo, Texas, the defendant, **WENCESLAO TOVAR, JR., A.K.A. "WENCY"**, rented a room at the La Hacienda Hotel.

6.     On or about June 7, 2005, in Laredo, Texas, the defendants, **ERIC IVAN MARTINEZ, A.K.A. "47", GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY", RICHARD GUERRERO, WENCESLAO TOVAR, JR., FNU LNU, A.K.A. "THE MARINE"**, and others known and unknown to the Grand Jury, gathered at Jett Bowl North to plan the kidnapping of Bruno Alberto Juarez-Orozco.

7.     On or about June 7, 2005, in Laredo, Texas and elsewhere, the defendants, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. " GABY"** and others known and unknown to the Grand Jury, brought firearms from the Mexico to the United States to be used in the kidnapping of Bruno Alberto Juarez-Orozco.

8.     On or about June 8, 2005, in Laredo, Texas, the defendants, **FNU LNU, A.K.A. "THE MARINE", RICHARD GUERRERO**, and **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** used police-type visor lights to intercept and stop the victim, Bruno Alberto Juarez-Orozco.

9.     On or about June 8, 2005, in Laredo, Texas, the defendant, **FNU LNU, A.K.A. "THE MARINE"** posed a plain-clothes Police Officer, wearing a sidearm and handcuffs.

10.    On or about June 8, 2005, in Laredo, Texas, the defendant, **FNU LNU, A.K.A. "THE MARINE"** attempted to handcuff the victim, Bruno Alberto Juarez-Orozco, in a ploy to kidnap the said victim.

11.    On or about June 8, 2005, in Laredo, Texas, the defendant, **WENCESLAO TOVAR, JR., A.K.A. "WENCY"**, shot and killed the victim, Bruno Alberto Juarez-Orozco.

12.    On or about June 8, 2005, in Laredo, Texas, the defendant, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"**, drove defendants **FNU LNU, A.K.A. "THE**

MARINE" and **RICHARD GUERRERO** away from the scene of the attempted kidnapping and murder of Bruno Alberto Juarez-Orozco.

13.     On or about June 8, 2005, in Laredo, Texas and elsewhere, **ROBERTO CAMACHO** drove defendant **WENCESLAO TOVAR, JR., A.K.A. "WENCY"** to Nuevo Laredo, Tamaulipas, Mexico to escape apprehension.

14.     On or about June 8, 2005, in Laredo, Texas, the defendant, **FNU LNU, A.K.A. "THE MARINE"** threw a firearm and the police-type visor lights out of the automobile onto the street.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 1201©.

## COUNT FIVE
(Accessory After the Fact)

On or about June 8, 2005, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendant,

**ROBERTO CAMACHO,**

knowing that an offense against the United States has been committed, that is, Conspiracy to Kidnap as charged in Count Four of the Indictment, did receive, relieve, comfort and assist the offender, **WENCESLAO TOVAR, JR., A.K.A. "WENCY",** in order to hinder and prevent the offender's apprehension, trial and punishment,

In violation of Title 18, United States Code, Section 3.

## COUNT SIX
(Conspiracy to Use of Firearm in Violent Crime)

From on or about June 6, 2005 and continuing to on or about June 8, 2005, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,**

20

A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
RICHARD GUERRERO,
WENCESLAO TOVAR, JR., A.K.A. "WENCY",
ERIC IVAN MARTINEZ, A.K.A. "47", and
FNU LNU, A.K.A. "THE MARINE",

did knowingly and intentionally conspire and agree together and with each other, and with other

persons known and unknown to the Grand Jury, to:

    a)     carry, use, and discharge at least one firearm during and in relation to, and
    b)     possess and discharge at least one firearm in furtherance of,

a crime of violence which may be prosecuted in a court of the United States, that is, Conspiracy to

Kidnap as alleged in Count Four of the Indictment, that is:

    a)     a Bushmaster, Model XM15E2S, .223 caliber, semi-automatic assault rifle, bearing serial number        which was equipped with a firearm silencer or firearm muffler; and
    b)     a Dan Wesson, .357 caliber revolver, bearing serial number

<u>Overt Acts</u>

In furtherance of the conspiracy and to effect and accomplish the objects thereof, one or more

of the defendants and conspirators, both indicted and unindicted, committed, among others, the

following overt acts in the Southern District of Texas and elsewhere:

    1.     On or about June 6, 2005, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON",

A.K.A. "GABY"** traveled from Laredo, Texas to Nuevo Laredo, Tamaulipas, Mexico to meet with

**MIGUEL ANGEL TREVINO-MORALES, A.K.A. "40A", A.K.A. "MIKE", A.K.A.

"CUARENTA".**

    2.     On or about June 6, 2005, **MIGUEL ANGEL TREVINO-MORALES, A.K.A.

"40A", A.K.A. "MIKE", A.K.A. "CUARENTA"** showed **GABRIEL CARDONA-RAMIREZ,**

A.K.A. "PELON", A.K.A. "GABY" a rifle that was to be used to carry out the kidnapping and/or murder of Bruno Alberto Juarez-Orozco.

3.      On or about June 6, 2005, **MIGUEL ANGEL TREVINO-MORALES, A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA"** had the rifle and revolver brought from Nuevo Laredo, Tamaulipas, Mexico to Laredo, Texas.

4.      On or about June 7, 2005, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"**, and others known and unknown to the grand jury, picked up the rifle and revolver that were to be used for the kidnapping and/or murder of Bruno Alberto Juarez-Orozco.

5.      On or about June 7, 2005 **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY", RICHARD GUERRERO, WENCESLAO TOVAR, JR., A.K.A. "WENCY", ERIC IVAN MARTINEZ, A.K.A. "47", FNU LNU, A.K.A. "THE MARINE"**, and others known and unknown to the grand jury, met to plan the kidnapping and/or murder of Bruno Alberto Juarez-Orozco.

6.      On or about June 8, 2005, **FNU LNU, A.K.A. "THE MARINE"** possessed and carried  a .357 caliber revolver to pose as a Police Officer.

7.      On or about June 8, 2005, **WENCESLAO TOVAR, JR., A.K.A. "WENCY"** possessed and carried a Bushmaster, .223 caliber assault rifle equipped with a firearm silencer or firearm muffler.

8.      On or about June 8, 2005, **WENCESLAO TOVAR, JR., A.K.A. "WENCY"** used and discharged a Bushmaster, .223 caliber assault rifle equipped with a firearm silencer or firearm muffler.

9.      On or about June 8, 2005, **WENCESLAO TOVAR, JR., A.K.A. "WENCY"** shot

and killed Bruno Alberto Juarez-Orozco with a Bushmaster, .223 caliber assault rifle equipped with

a firearm silencer or firearm muffler.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), and

924(o).

## COUNT SEVEN
(Use of Firearm in Violent Crime)

From on or about June 6, 2005 and continuing to on or about June 8, 2005, in the Southern

District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,**
**A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",**
**GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",**
**RICHARD GUERRERO,**
**WENCESLAO TOVAR, JR., A.K.A. "WENCY",**
**ERIC IVAN MARTINEZ, A.K.A. "47", and**
**FNU LNU, A.K.A. "THE MARINE",**

aiding and abetting each other, did knowingly and intentionally possess at least one firearm, that is:

    a)    a Bushmaster, Model XM15E2S, .223 caliber, semi-automatic assault rifle, bearing
           serial number          which was equipped with a firearm silencer or firearm
           muffler; and

    b)    a Dan Wesson, .357 caliber revolver, bearing serial number

in furtherance of a crime of violence which may be prosecuted in a court of the United States, that

is, Conspiracy to Kidnap as alleged in Count Four of the Indictment,

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), and

2.

## COUNT EIGHT
(Travel Act - Attempted Murder of Jason Fraga)

On or about November 24, 2005, in the Southern District of Texas, and elsewhere, and within

the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,**
**A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",**
**GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",**
**LUCIO VELEZ-QUINTERO, A.K.A. "EL VIEJON",**
**JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other,

did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and

use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to

commit a crime of violence to further an unlawful activity, that is, a business enterprise involving

controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and

thereafter intentionally and knowingly committed and attempted to commit the crime of violence to

further such unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(2)  and 2.

### COUNT NINE
(Use of Firearm in Drug-Trafficking Crime)

On or about November 24, 2005, in the Southern District of Texas, and elsewhere, and within

the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",**
**A.K.A. "MIKE", A.K.A. "CUARENTA",**
**GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",**
**LUCIO VELEZ-QUINTERO, A.K.A. "EL VIEJON",**
**JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other,

did knowingly and intentionally:

    a)      carry, use, and discharge a firearm, that is, a 9mm caliber pistol, the model and type
              unknown to the Grand Jury, during and in relation to; and

b) possess and discharge a firearm, that is, a 9mm caliber pistol, the model and type unknown to the Grand Jury, in furtherance of,

a drug trafficking crime which may be prosecuted in a court of the United States, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance as alleged in Count One of the Indictment,

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), and 2.

## COUNT TEN
(Travel Act - Murder of Moises Garcia)

On or about December 8, 2005, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,**
**A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",**
**GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",**
**LUCIO VELEZ-QUINTERO, A.K.A. "EL VIEJON",**
**JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to commit a crime of violence to further an unlawful activity, that is, a business enterprise involving controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter intentionally and knowingly committed the crime of violence to further such unlawful activity.   The crime of violence resulted in the death of Moises Garcia.

In violation of Title 18, United States Code, Sections 1952(a)(2)  and 2.

## COUNT ELEVEN
(Use of Juvenile to Commit Violent Crime)

25

On or about December 8, 2005, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
LUCIO VELEZ-QUINTERO, A.K.A. "EL VIEJON", and
JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK",**

persons who were eighteen (18) years of age and older, aiding and abetting each other, did knowingly and intentionally use a minor, that is, **JUVENILE #1**, to commit a crime of violence for which such person may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1952(a)(2) as charged in Count Ten of the Indictment,

In violation of Title 18, United States Code, Sections 25 and 2.

### COUNT TWELVE
(Use of Firearm in Drug-Trafficking Crime)

On or about December 8, 2005, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
LUCIO VELEZ-QUINTERO, A.K.A. "EL VIEJON",
JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other,

did knowingly and intentionally:

a)   carry, use, and discharge a firearm, that is, a 9mm caliber pistol, the model and type unknown to the Grand Jury, during and in relation to; and

b)   possess and discharge a firearm, that is, a 9mm caliber pistol, the model and type unknown to the Grand Jury, in furtherance of,

a drug trafficking crime which may be prosecuted in a court of the United States, that is, Conspiracy

to Possess with Intent to Distribute a Controlled Substance as alleged in Count One of the Indictment,

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), and 2.

## COUNT THIRTEEN
(Accessory After the Fact)

On or about December 8, 2005, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendant,

### AURORA DEL BOSQUE,

knowing that an offense against the United States has been committed, that is, Interstate and Foreign Travel in Aid of Racketeering Enterprise as charged in Count Ten of the Indictment, did receive, relieve, comfort and assist the offenders, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY", JESUS GONZALEZ, III., A.K.A. "JESSE', A.K.A. "JESMAK", AND JUVENILE #1**, in order to hinder and prevent the offenders' apprehension, trial and punishment,

In violation of Title 18, United States Code, Section 3.

## COUNT FOURTEEN
(Travel Act - Attempted Murder of Ivan Santos)

On or about December 9, 2005, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

### MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
LUCIO VELEZ-QUINTERO, A.K.A. "EL VIEJON",
JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK",

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and

27

use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to commit a crime of violence to further an unlawful activity, that is, a business enterprise involving controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter intentionally and knowingly attempted to commit the crime of violence to further such unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(2) and 2.

## COUNT FIFTEEN
(Use of Juvenile to Commit Violent Crime)

On or about December 9, 2005, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
LUCIO VELEZ-QUINTERO, A.K.A. "EL VIEJON", and
JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK",**

persons who were eighteen (18) years of age and older, aiding and abetting each other, did knowingly and intentionally use a minor, that is, **JUVENILE #1**, to commit a crime of violence for which such person may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1952(a)(2)  as charged in Count Fourteen of the Indictment,

In violation of Title 18, United States Code, Sections 25 and 2.

## COUNT SIXTEEN
(Use of Firearm in Drug-Trafficking Crime)

On or about December 9, 2005, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",**

28

**LUCIO VELEZ-QUINTERO, A.K.A. "EL VIEJON",**
**JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other,

did knowingly and intentionally:

    a)    carry, use, and discharge a firearm, that is, a 9mm caliber pistol, the model and type unknown to the Grand Jury, during and in relation to; and

    b)    possess and discharge a firearm, that is, a 9mm caliber pistol, the model and type unknown to the Grand Jury, in furtherance of,

a drug trafficking crime which may be prosecuted in a court of the United States, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance as alleged in Count One of the Indictment,

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), and 2.

## COUNT SEVENTEEN
(Travel Act - Murder of Noe Flores)

On or about January 8, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,**
**A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",**
**GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",**
**LUCIO VELEZ-QUINTERO, A.K.A. "EL VIEJON",**
**JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other,

did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and

use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to

commit a crime of violence to further an unlawful activity, that is, a business enterprise involving

controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and

thereafter intentionally and knowingly committed the crime of violence to further such unlawful activity.   The crime of violence resulted in the death of Noe Flores.

In violation of Title 18, United States Code, Sections 1952(a)(2)  and 2.

### COUNT EIGHTEEN
(Use of Juvenile to Commit Violent Crime)

On or about January 8, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
LUCIO VELEZ-QUINTERO, A.K.A. "EL VIEJON", and
JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK",**

persons who were eighteen (18) years of age and older, aiding and abetting each other, did knowingly and intentionally use a minor, that is, **JUVENILE #1**, to commit a crime of violence for which such person may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1952(a)(2)  as charged in Count Seventeen of the Indictment,

In violation of Title 18, United States Code, Sections 25 and 2.

### COUNT NINETEEN
(Use of Firearm in Drug-Trafficking Crime)

On or about January 8, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
LUCIO VELEZ-QUINTERO, A.K.A. "EL VIEJON",
JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other,

did knowingly and intentionally:

a) carry, use, and discharge at least one firearm, that is, a .40 caliber pistol and a 9mm caliber pistol, the model and type unknown to the Grand Jury, during and in relation to; and

b) possess and discharge at least one firearm, that is, a .40 caliber pistol and a 9mm caliber pistol, the model and type unknown to the Grand Jury, in furtherance of,

a drug trafficking crime which may be prosecuted in a court of the United States, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance as alleged in Count One of the Indictment,

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), and 2.

## COUNT TWENTY
(Possession with Intent to Distribute Marijuana)

From on or about January 25, 2006 and continuing to on or about January 26, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",
ERNESTO CARREON-VASQUEZ, A.K.A. "NUNE",
ERNESTO ALEJANDRO ESTRADA, A.K.A. "PEPE",
FNU LNU, A.K.A. "FLAMA",
FNU LNU, A.K.A. "PALENCIA", and
JUAN ANTONIO CARREON-VASQUEZ, A.K.A. "CAMARON",**

aiding and abetting each other, did knowingly and intentionally possess with intent to distribute a controlled substance. This offense involved a quantity of 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance,

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT TWENTY-ONE
(Use of Firearm in Drug-Trafficking Crime)

On or about January 26, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",
ERNESTO CARREON-VASQUEZ, A.K.A. "NUNE",
ERNESTO ALEJANDRO ESTRADA, A.K.A. "PEPE",
FNU LNU, A.K.A. "FLAMA",
FNU LNU, A.K.A. "PALENCIA", and
JUAN ANTONIO CARREON-VASQUEZ, A.K.A. "CAMARON",**

aiding and abetting each other, did knowingly and intentionally:

a)    carry, use, and discharge a firearm, that is, the model and type unknown to the Grand Jury, during and in relation to; and

b)    possess and discharge a firearm, that is, the model and type unknown to the Grand Jury, in furtherance of,

a drug trafficking crime which may be prosecuted in a court of the United States, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance as alleged in Counts One and Twenty of the Indictment,

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), and 2.

## COUNT TWENTY-TWO
(Possession with Intent to Distribute Cocaine)

On or about February 6, 2006, in the Southern District of Texas, and within the jurisdiction of the Court, Defendants,

**ı MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",
3ᴼ GABRIEL ORTIZ, and
3\ PAULA PAOLA PAREDES,**

aiding and abetting each other, did knowingly and intentionally possess with intent to distribute a controlled substance.  This offense involved a quantity of 5 kilograms or more of a mixture or

32

substance containing a detectable amount of cocaine, a Schedule II controlled substance,

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18,

United States Code, Section 2.

### COUNT TWENTY-THREE
(Possession of Firearm in Drug-Trafficking Crime)

On or about February 6, 2006, in the Southern District of Texas, and within the jurisdiction

of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",**
**A.K.A. "MIKE", A.K.A. "CUARENTA",**
**GABRIEL ORTIZ, and**
**PAULA PAOLA PAREDES,**

aiding and abetting each other, did knowingly and intentionally possess a firearm, that is, a Norinco,

MAK-90 Sporter, 7.62x39mm, semi-automatic assault rifle, bearing serial number          in

furtherance of a drug trafficking crime which may be prosecuted in a court of the United States, that

is, Possession with Intent to Distribute a Controlled Substance as alleged in Counts One and Twenty-

Two of the Indictment,

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), and 2.

### COUNT TWENTY-FOUR
(Travel Act - Attempted Murder of Chapos)

On or about February 8, 2006, in the Southern District of Texas, and elsewhere, and within

the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",**
**A.K.A. "MIKE", A.K.A. "CUARENTA",**
**REYMUNDO REYES, A.K.A. "COMANDANTE MUNDO",**
**ERNESTO CARREON-VASQUEZ, A.K.A. "NUNE",**
**RENE GARCIA, A.K.A. "RANA",**
**ANDRES ALFREDO HERNANDEZ,**

33

**JAIME MIGUEL DIAZ DE LEON, A.K.A. "MICHAEL", and**
**EDUARDO CARREON-IBARRA, A.K.A. "NEGRO",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other,

did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and

use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to

commit a crime of violence to further an unlawful activity, that is, a business enterprise involving

controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and

thereafter intentionally and knowingly attempted to commit the crime of violence to further such

unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(2)  and 2.

## COUNT TWENTY-FIVE
(Use of Juvenile to Commit Violent Crime)

On or about February 18, 2006, in the Southern District of Texas, and elsewhere, and within

the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,**
**A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",**
**REYMUNDO REYES, A.K.A. "COMANDANTE MUNDO",**
**ERNESTO CARREON-VASQUEZ, A.K.A. "NUNE",**
**RENE GARCIA, A.K.A. "RANA",**
**ANDRES ALFREDO HERNANDEZ,**
**JAIME MIGUEL DIAZ DE LEON, A.K.A. "MICHAEL", and**
**EDUARDO CARREON-IBARRA, A.K.A. "NEGRO",**

persons who were eighteen (18) years of age and older, aiding and abetting each other, did knowingly

and intentionally use a minor, that is, **JUVENILE #2**, to commit a crime of violence for which such

person may be prosecuted in a court of the United States, that is, a violation of Title 18, United

States Code, Section 1952(a)(2)  as charged in Count Twenty-Four of the Indictment,

34

In violation of Title 18, United States Code, Sections 25 and 2.

## COUNT TWENTY-SIX
(Use of Firearm in Drug-Trafficking Crime)

From on or about February 18, 2006 and continuing to on or about February 19, 2006, in the

Southern District of Texas, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",**
**A.K.A. "MIKE", A.K.A. "CUARENTA",**
**REYMUNDO REYES, A.K.A. "COMANDANTE MUNDO",**
**ERNESTO CARREON-VASQUEZ, A.K.A. "NUNE",**
**RENE GARCIA, A.K.A. "RANA",**
**ANDRES ALFREDO HERNANDEZ,**
**JAIME MIGUEL DIAZ DE LEON, A.K.A. "MICHAEL", and**
**EDUARDO CARREON-IBARRA, A.K.A. "NEGRO",**

aiding and abetting each other, did knowingly and intentionally possess at least one firearm, to-wit:

a)   AR-15, .223 caliber machinegun, with an obliterated serial number;
b)   MAK-90, 7.62X39mm caliber semi-automatic assault rifle, serial number
c)   Glock, .40 caliber pistol, serial number           and
d)   Smith and Wesson, 9mm caliber pistol, serial number

in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States,

that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance as alleged in Count

One of the Indictment,

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(B)(ii) and

2.

## COUNT TWENTY-SEVEN
(Travel Act - Promoting Unlawful Activity)

From on or about March 17, 2006, and continuing to on or about March 18, 2006, in the

Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",**

**A.K.A. "MIKE", A.K.A. "CUARENTA", and
REYMUNDO REYES, A.K.A. "COMANDANTE MUNDO",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other,

did use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to

promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and

carrying on of an unlawful activity, that is, a business enterprise involving controlled substances in

violation to Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter intentionally

and knowingly performed an act to promote, manage, establish, and carry on, and to facilitate the

promotion, management, establishment and carrying on of such unlawful activity, that is, provide

Five Thousand Five Hundred Dollars ($5,500.00) in United States Currency for the acquisition of

a rental house in Laredo, Texas,

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT TWENTY-EIGHT
(Travel Act - Attempt on Gerardo Ramos)

On or about March 18, 2006, in the Southern District of Texas, and elsewhere, and within

the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other,

did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and

use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to

commit a crime of violence to further an unlawful activity, that is, a business enterprise involving

controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and

thereafter intentionally and knowingly committed and attempted to commit the crime of violence to further such unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(2) and 2.

## COUNT TWENTY-NINE
(Use of Firearm in Drug-Trafficking Crime)

On or about March 18, 2006, in the Southern District of Texas, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did knowingly and intentionally possess and discharge a firearm, that is, 9mm caliber pistol, the model and type unknown to the Grand Jury, in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance as alleged in Count One of the Indictment,

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

## COUNT THIRTY
(Travel Act - Promote Unlawful Activity)

On or about March 29, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**ERNESTO ALEJANDRO ESTRADA, A.K.A. "PEPE",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to

promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, a business enterprise involving controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter intentionally and knowingly performed an act to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, that is, the receipt of U. S. Currency from a courier,

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT THIRTY-ONE
(Travel Act - Murder of Jorge Alfonso Aviles, a.k.a. "Poncho" and Inez Villarreal)

On or about March 30, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
RAUL JASSO, JR., A.K.A. "RICHARD", and
JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to commit a crime of violence to further an unlawful activity, that is, a business enterprise involving controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter intentionally and knowingly committed the crime of violence to further such unlawful activity.  The crime of violence resulted in the deaths of Jorge Alfonso Aviles, a.k.a. "Poncho" and Inez Villarreal.

In violation of Title 18, United States Code, Sections 1952(a)(2) and 2.

## COUNT THIRTY-TWO
### (Conspiracy to Kill, Kidnap, or Maim in Foreign Country)

From on or about March 30, 2006, and continuing through on or about March 31, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendant,

**GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",**

knowingly and willfully conspired and agreed with other persons, known and unknown to the Grand Jury, to murder, kidnap, and maim a person, that is, Jorge Alfonso Aviles, a.k.a. "Poncho", in a place outside of the United States, namely, Nuevo Laredo, Tamaulipas, Mexico.

### Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects thereof, the defendant and one or more of the co-conspirators, known and unknown to the Grand Jury, committed, among others, the following overt acts in the Southern District of Texas and elsewhere:

1.      On or about March 30, 2006, in Nuevo Laredo, Tamaulipas, Mexico, defendant **JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK"** called **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** in Laredo, Texas to inform **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY**, that Jorge Alfonso Aviles, a.k.a. "Poncho" was inside a nightclub in Nuevo Laredo, Tamaulipas, Mexico.

2.      On or about March 30, 2006, in Nuevo Laredo, Tamaulipas, Mexico, **JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK"**, and others co-conspirators known and unknown to the Grand Jury kidnapped Jorge Alfonso Aviles, a.k.a. "Poncho" and Inez Villarreal from inside a nightclub in Nuevo Laredo, Tamaulipas, Mexico.

3.      On or about March 30, 2006, in Nuevo Laredo, Tamaulipas, Mexico, defendant **RAUL JASSO, JR., A.K.A. "RICHARD"** called **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** in Laredo, Texas to inform **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"**, that Jorge Alfonso Aviles, a.k.a. "Poncho" and Inez Villarreal had been "picked up".

4.      On or about March 30, 2006, in Laredo, Texas, defendant **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** directed **RAUL JASSO, JR., A.K.A. "RICHARD"** to take Jorge Alfonso Aviles, a.k.a. "Poncho" and Inez Villarreal to a safe-house in Nuevo Laredo, Tamaulipas, Mexico.

5.      On or about March 30, 2006, in Laredo, Texas, defendant **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** traveled to a safe-house in Nuevo Laredo, Tamaulipas, Mexico.

6.      On or about March 30, 2006, in Nuevo Laredo, Tamaulipas, Mexico, defendant **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** moved Jorge Alfonso Aviles, a.k.a. "Poncho" and Inez Villarreal to a second safe-house in Nuevo Laredo, Tamaulipas, Mexico.

7.      On or about March 30, 2006, in Nuevo Laredo, Tamaulipas, Mexico, defendant **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** cut and stabbed Jorge Alfonso Aviles, a.k.a. "Poncho".

8.      On or about March 30, 2006, in Nuevo Laredo, Tamaulipas, Mexico, defendant, **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** collected blood from Alfonso Aviles, a.k.a. "Poncho" and offered a toast to the "Santa Muerte" (the Death Saint).

9.      On or about March 30, 2006, in Nuevo Laredo, Tamaulipas, Mexico, defendant

**GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** killed Jorge Alfonso

Aviles, a.k.a. "Poncho" and Inez Villarreal.

10.     On or about March 30, 2006, in Nuevo Laredo, Tamaulipas, Mexico, defendant

**GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** burned Jorge Alfonso

Aviles, a.k.a. "Poncho" and Inez Villarreal.

In violation of Title 18, United States Code, Section 956 (a)(1) ad (a)(2)(A).

## COUNT THIRTY-THREE
(Travel Act - Attempt on Julio Cesar Resendez)

On or about March 31, 2006, in the Southern District of Texas, and elsewhere, and within

the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other,

did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and

use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to

commit a crime of violence to further an unlawful activity, that is, a business enterprise involving

controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and

thereafter intentionally and knowingly committed and attempted to commit the crime of violence to

further such unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(2)  and 2.

## COUNT THIRTY-FOUR
(Use of Firearm in Drug-Trafficking Crime)

On or about March 31, 2006, in the Southern District of Texas, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did knowingly and intentionally possess and discharge at least one firearm, that is, a

a) 7.62X39mm caliber semi-automatic assault rifle, the model and type unknown to the Grand Jury;
b) .40 caliber pistol, the model and type unknown to the Grand Jury; and
c) 9mm caliber pistol, the model and type unknown to the Grand Jury,

in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance as alleged in Count One of the Indictment,

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

**COUNT THIRTY-FIVE**
(Travel Act - Murder of Jesus Maria Resendez and Mariano Resendez)

On or about April 2, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
›JUAN JOSE ARRIAGA-OVALLE, A.K.A. "PANTERA",
JOSE MARTINEZ, A.K.A. "PEPE",
ARMANDO GARCIA, A.K.A. "CHACHETES",
RAUL JASSO, JR., A.K.A. "RICHARD", and
JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and

42

use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to commit a crime of violence to further an unlawful activity, that is, a business enterprise involving controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter intentionally and knowingly committed the crime of violence to further such unlawful activity.   The crime of violence resulted in the deaths of Jesus Maria Resendez and Mariano Resendez.

In violation of Title 18, United States Code, Sections 1952(a)(2) and 2.

## COUNT THIRTY-SIX
(Use of Firearm in Drug-Trafficking Crime)

On or about April 2, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,**
**A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",**
**GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",**
**JUAN JOSE ARRIAGA-OVALLE, A.K.A. "PANTERA",**
**JOSE MARTINEZ, A.K.A. "PEPE",**
**ARMANDO GARCIA, A.K.A. "CHACHETES",**
**RAUL JASSO, JR., A.K.A. "RICHARD", and**
**JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",**

aiding and abetting each other, did knowingly and intentionally possess at least one firearm, that is:

a) a 7.62X39mm caliber, semi-automatic assault rifle, the model and type unknown to the Grand Jury; and
b) a 9mm caliber pistol, the model and type unknown to the Grand Jury,

in furtherance of a crime of violence which may be prosecuted in a court of the United States, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance as alleged in Count One of the Indictment,

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), and

43

2.

## COUNT THIRTY-SEVEN
(Travel Act - Promoting Unlawful Activity)

On or about April 8, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",
REYMUNDO REYES, A.K.A. "COMANDANTE MUNDO", and
FNU LNU, A.K.A. "CHINO",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, a business enterprise involving controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter intentionally and knowingly performed an act to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, that is, procure a Glock, .40 caliber, semi-automatic pistol, and a Berretta 9mm caliber, semi-automatic pistol,

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT THIRTY-EIGHT
(Travel Act - Attempt on Marco Antonio Flores, a.k.a. "Mackie")

On or about April 8, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
RAUL JASSO, JR., A.K.A. "RICHARD", and**

**JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other,

did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and

use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to

commit a crime of violence to further an unlawful activity, that is, a business enterprise involving

controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and

thereafter intentionally and knowingly attempted to commit the crime of violence to further such

unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(2)  and 2.

## COUNT THIRTY-NINE
(Travel Act - Attempt on Michael David Lopez)

On or about April 8, 2006, in the Southern District of Texas, and elsewhere, and within the

jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,**
**A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",**
**GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",**
**RAUL JASSO, JR., A.K.A. "RICHARD", and**
**JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other,

did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and

use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to

commit a crime of violence to further an unlawful activity, that is, a business enterprise involving

controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and

thereafter intentionally and knowingly attempted to commit the crime of violence to further such

unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(2)  and 2.

## COUNT FORTY
(Use of Juvenile to Commit Violent Crime)

On or about April 8, 2006, in the Southern District of Texas, and elsewhere, and within the

jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
RAUL JASSO, JR., A.K.A. "RICHARD",
ROBERTO CAMACHO, and
JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",**

persons who were eighteen (18) years of age and older, aiding and abetting each other, did knowingly

and intentionally use a minor, that is, **JUVENILE #3**, to commit a crime of violence for which such

person may be prosecuted in a court of the United States, that is, a violation of Title 18, United

States Code, Section 1952(a)(2)  as charged in Counts Thirty-Eight and Thirty-Nine of the

Indictment,

In violation of Title 18, United States Code, Sections 25 and 2.

## COUNT FORTY-ONE
(Use of Firearm in Drug-Trafficking Crime)

On or about April 8, 2006, in the Southern District of Texas, and elsewhere, and within the

jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
RAUL JASSO, JR., A.K.A. "RICHARD",
ᵢ ᒆROBERTO CAMACHO, and
JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",**

46

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did knowingly and intentionally:

a) carry and use a firearm, the model and type unknown to the Grand Jury, during and in relation to; and
b) possess a firearm, the model and type unknown to the Grand Jury, in furtherance of,

a drug trafficking crime which may be prosecuted in a court of the United States, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance as alleged in Count One of the Indictment,

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), and 2.

### COUNT FORTY-TWO
(Possession with Intent to Distribute Cocaine)

On or about April 10, 2006, in the Southern District of Texas, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
GUSTAVO FABIAN CHAPA, and
ROBERTO CAMACHO,**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute a controlled substance. This offense involved a quantity of less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance,

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)© and Title 18, United States Code, Section 2.

### COUNT FORTY-THREE
(Travel Act - Attempt on FNU LNU, A.K.A. "Checo")

47

On or about April 11, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,**
**A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",**
**GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",**
**RAUL JASSO, JR., A.K.A. "RICHARD",**
**ROBERTO CAMACHO, and**
**JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to commit a crime of violence to further an unlawful activity, that is, a business enterprise involving controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter intentionally and knowingly attempted to commit the crime of violence to further such unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(2)  and 2.

## COUNT FORTY-FOUR
(Use of Juvenile to Commit Violent Crime)

On or about April 11, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,**
**A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",**
**GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",**
**RAUL JASSO, JR., A.K.A. "RICHARD",**
**ROBERTO CAMACHO, and**
**JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",**

persons who were eighteen (18) years of age and older, aiding and abetting each other, did knowingly

48

and intentionally use a minor, that is, **JUVENILE #3**, to commit a crime of violence for which such person may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1952(a)(2)  as charged in Count Forty-Three of the Indictment,

In violation of Title 18, United States Code, Sections 25 and 2.

## COUNT FORTY-FIVE
(Possession with Intent to Distribute Cocaine)

On or about August 11, 2007, in the Southern District of Texas, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute a controlled substance.  This offense involved a quantity of 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance,

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT FORTY-SIX
(Possession with Intent to Distribute Cocaine)

On or about August 13, 2007, in the Southern District of Texas, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute a controlled substance.  This offense

involved a quantity of 5 kilograms or more of a mixture or substance containing a detectable amount

of cocaine, a Schedule II controlled substance,

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18,

United States Code, Section 2.

## COUNT FORTY-SEVEN
(Money Laundering)

On or about February 8, 2008, in the Southern District of Texas, and within the jurisdiction

of the Court, Defendants,

### MIGUEL TREVINO-MORALES, A.K.A. "40",
### A.K.A. "MIKE", A.K.A. "CUARENTA",

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other,

did knowingly and willfully transport and transfer, and attempt to transport and transfer monetary

instruments and funds, that is, Eight Hundred Seventy Thousand, Five Hundred Thirty-Five Dollars

in U. S. Currency ($870,535.00), from a place in the United States, that is Dallas, Texas, to a place

outside the United States, that is, Nuevo Laredo, Tamaulipas, Mexico, with the intent to promote the

carrying on of a specified unlawful activity, that is, the sale and distribution of controlled

substances,

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and Section 2.

## NOTICE OF CRIMINAL FORFEITURE

Pursuant to Title 21, United States Code, Section 853, as a result of the commission of the

violations charged in Counts One, Twenty, Twenty-Two, Forty-Two, Forty-Five and Forty-Six of

the Indictment and pursuant to Title 18, United States Code, Section 982, as a result of the

commission of the violation charged in Counts Two and Forty-Seven of the Indictment, notice is

given that the defendants,

**MIGUEL ANGEL TREVINO-MORALES,**
**A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",**
**OMAR TREVINO-MORALES, A.K.A. "42",**
**IVAN CABALLERO-VELASQUEZ, A.K.A. "TALIVAN", A.K.A. "50",**
**REYMUNDO REYES, A.K.A. "COMANDANTE MUNDO",**
**LUCIO VELEZ-QUINTERO, A.K.A. "EL VIEJON",**
**GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY", and**
**JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK",**

shall forfeit to the United States of America–

(1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense charged in Counts One, Twenty, Twenty-Two, Forty-Two, Forty-Five and Forty-Six;

(2) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Counts One, Twenty, Twenty-Two, Forty-Two, Forty-Five and Forty-Six; and

(3) all property, real and personal, involved in the offense charged in Counts Two and Forty-Seven, and all property traceable to such property,

including, but not limited to, the following property:

a money judgment in the amount of ten million dollars ($10,000,000).

In the event that the property which is subject to forfeiture to the United States, as a result of any act or omission of any of the defendants:

(1)     cannot be located upon exercise of due diligence;

(2)     has been placed beyond the jurisdiction of the Court;

(3)     has been transferred or sold to, or deposited with a third party;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the

51

USA-74-24b
(Rev. 6-1-71)

__LAREDO__ DIVISION    **CRIMINAL DOCKET**    L-08-244

FILE: _____

__INDICTMENT__   Filed:__MAR 0 4 2008__   Judge: _____

No. L-08-244

ATTORNEYS:

UNITED STATES OF AMERICA    DONALD J. DeGABRIELLE JR., USA

VS.    JOSÉ ÁNGEL MORENO, AUSA

Appt'd   Private

MIGUEL ANGEL TREVINO-MORALES,
   A.K.A. "40", A.K.A. "MIKE",
   A.K.A. "CUARENTA",
OMAR TREVINO-MORALES,   A.K.A. "42",
IVAN CABALLERO-VELASQUEZ,
   A.K.A. "TALIVAN", A.K.A. "50",
REYMUNDO REYES,
   A.K.A.  COMANDANTE MUNDO",
ERNESTO CARERON-VASQUEZ,A.K.A."NUNE",
ERNESTO ALEJANDRO-ESTRADA,
   A.K.A. "PEPE",
LUCIO VELEZ-QUINTERO,
   A.K.A. "EL VIEJON",
GABRIEL CARDONA-RAMIREZ,
   A.K.A. PELON", A.K.A. "GABY",
JESUS GONZALEZ, III,
   A.K.A. "JESSE", A.K.A. "JESMAK",
WENCESLADO TOVAR, JR.,  A.K.A.WENCY",
ERIC IVAN MARTINEZ,   A.K.A. "47",
RICHARD GUERRERO,
FNU LNU, A.K.A. "THE MARINE",
ROBERTO CAMACHO,
JUAN ANTONIO CARREON-VASQUEZ,
   A.K.A. "CAMARON",
FNU LNU, A.K.A. "FLAMA",
FNU LNU, A.K.A. "PALENCIA",
JUAN CARLOS SANCHEZ-GAYTAN,
   A.K.A. "CHAPARRO",
EDUARDO CARREON-IBARRA, A.K.A."NEGRO",
RENE GARCIA, A.K.A. "RANA",
ANDRES ALFREDO HERNANDEZ,
JAIME MIGUEL DIAZ DE LEON,
   A.K.A. "MICHAEL",
FNU LNU, A.K.A. "CHINO",
ARMANDO GARCIA, A.K.A. "CACHETES",
RAUL JASSO, JR., A.K.A. "RICHARD",
JUAN JOSE ARRIAGA-OVALLE,
   A.K.A. "PANTERA",
JUAN ADOLFO RAMOS,
   A.K.A. "CORDLESS", A.K.A. "KARATE",
JOSE MARTINEZ, A.K.A. "PEPE",
GUSTAVO FABIAN CHAPA,
GABRIEL ORTIZ,
PAULA PAOLA PAREDES,
AURORA DEL BOSQUE

**CHARGE:**  Ct. 1: Conspiracy to possess with intent to distribute a quantity  
(TOTAL) _____ in excess of 1,000 kilograms of marihuana and cocaine  
COUNTS:) _____ [21 USC 846, 841(a)(1), & 841(b)(1)(A)]  
(48) _____ Ct 2: Laundering of Monetary Instruments   [18 USC 1956(h)]

| | |
|---|---|
| Ct. 3: | Solicitation to Commit a Crime of Violence  [18 USC 373] |
| Ct. 4: | Kidnapping [18 USC 1201(a)(1) & 1201(c)] |
| Cts 5, 13: | Accessory After the Fact  [18 USC 3] |
| Ct. 6: | Carrying or using a firearm during and in Relation to a Drug Crime or a crime of violence or possessing a firearm in furtherance of a drug trafficking crime or crime of violence [18 U.S.C. 924(c)(1)(A)(iii), 924(c)(1)(B)(ii)& 924(o)] |
| Ct. 7: | Carrying or using a firearm during and in Relation to a Drug Crime or a crime of violence or possessing a firearm in furtherance of a drug trafficking crime or crime of violence [18 U.S.C. 924(c)(1)(A)(iii), 924(c)(1)(B)(ii)& 18 USC 2] |
| Ct. 36: | Carrying or using a firearm during and in Relation to a Drug Crime or a crime of violence or possessing a firearm in furtherance of a drug trafficking crime or crime of violence [18 U.S.C. 924(c)(1)(A)(iii), 924(c)(1)(B)(ii)& 18 USC 2] |
| Cts. 8,14, 24, 28, 33, 38, 39, 43: | Interstate and foreign travel or transportation in aid of racketerring enterprises [18 USC 1952(a)(2) & 2] |
| Cts.10, 17, 31, 35: | Interstate and foreign travel or transportation in aid of racketerring enterprises [18 USC 1952(a)(2) & 2] |
| Cts 9, 16, 29: | Carrying or using a firearm during and in Relation to a Drug Crime or a crime of violence or possessing a firearm in furtherance of a drug trafficking crime or crime of violence [18 U.S.C. 924(c)(1)(A)(iii),& 2] |
| Cts 12, 19, 34: | Carrying or using a firearm during and in Relation to a Drug Crime or a crime of violence or possessing a firearm in furtherance of a drug trafficking crime or crime of violence [18 U.S.C. 924(c)(1)(A)(iii),& 2] |
| Cts 21: | Carrying or using a firearm during and in Relation to a Drug Crime or a crime of violence or possessing a firearm in furtherance of a drug trafficking crime or crime of violence [18 U.S.C. 924(c)(1)(A)(iii),& 2] |
| Cts 11, 15, 25,40, 44: | Use of Minors in a crime of violence [18 USC 25 & 2] |
| Ct. 18: | Use of Minors in a crime of violence [18 USC 25 & 2] |
| Ct. 20: | Possess with intent to distribute Marihuana in excess of 100 Kilos of Marihuana [21 USC 841(a)(1), 841(b)(1)(B) & 18 USC 2] |
| Cts 22, 45, 46: | Possess with intent to distribute Marihuana in excess of 1000 Kilos of Marihuana [21 USC 841(a)(1), 841(b)(1)(A) & 18 USC 2] |
| Cts. 23,41: | Carrying or using a firearm during and in Relation to a Drug Crime or a crime of violence or possessing a firearm in furtherance of a drug trafficking crime or crime of violence [18 USC 924(c)(1)(A)(i)& 2] |
| Ct. 26 | Carrying or using a firearm during and in Relation to a Drug Crime or a crime of violence or possessing a firearm in furtherance of a drug trafficking crime or crime of violence [18 USC 924(c)(1)(A)(i), 924(c)(1)(B)(ii) & 2] |
| Ct. 27, 30, 37: | Interstate and foreign travel or transportation in aid of racketerring enterprises [18 USC 1952(a)(3) & 2] |
| Ct.32: | Conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country [18 USC 956(a)(1),(a)(2)(A) & 2] |
| Ct 42: | Possess with intent to distribute Cocaine in excess of 50 Kilos [21 USC 841(a)(1), 841(b)(1)(C) & 18 USC 2] |
| Ct. 47: | Money Laundering [18 USC 1956 (a)(2)(A)& 2] |
| Ct. 48: | Criminal Forfeiture [21 USC 853] |

**PENALTY:**

Ct 1:      10 Yrs. To Life And/or $4 Million, $100 Spec Assessment
           4 Yrs Term of Supervised Release

Ct. 2:     Maximum of 20 Yrs and a Fine of Not More than $500,000 or Twice the Value
           Of the  Property Involved in the Transaction, Whichever Is Greater

Ct 3:      ½ the Sentence and ½ the Fine, but If Underlying Offense Is Punishable by Life  or
           Death Then a Maximum of 20 Years

Ct 4:      Any Term of Years or for Life and If the Death of Any Person Results, Shall Be
           Punished by Death or Life Imprisonment

**Cts 5, 13:**
           ½ the Sentence and ½ the Fine, but If Underlying Offense Is Punishable by Life  or
           Death Then a Maximum of 15 Years
           5 Yrs Term of Supervised Release

**Ct. 6:**     Life Sentence, $100 Spec Assessment
           Imposition of a Term of Supervised Release Is Governed by the Provisions of §5d1.1

**Ct. 7:**     30 Yrs to Life, $100 Spec Assessment
           Imposition of a Term of Supervised Release Is Governed by the Provisions
           of §5d1.1 1.

Ct. 36:    10 Yrs to Life, $100 Spec Assessment
           Imposition of a Term of Supervised Release Is Governed by the Provisions of§5d1.1

**Cts 8,14, 24, 28, 33, 38, 39, 43:**
           a Maximum of 20 Years for a Crime of Violence, but If Death Results, a Maximum of Life
           Imposition of a Term of Supervised Release Is Governed by the Provisions of §5d1.1

**Cts. 10, 17, 31, 35:**
           Maximum of 20 Years, Not More than $250,000, $100 Spec Assessment
           4 Yrs Min, 5 Yrs Max Term of Supervised Release

**Cts. 9, 16, 29:**
           10 Yrs to Life And/or $4 Million, $100 Spec Assessment
           Imposition of a Term of Supervised Release Is Governed by the Provisions of§5d1.1

**Cts 12, 19, 34:**
           Life Term And/or $4 Million, $100 Spec Assessment
           5 Yrs Max Term of Supervised Released

Ct 21:     5 to Life. And/or $4 Million, $100 Spec Assessment
           4 Yrs Min, 5 Yrs Max Term of Supervised Release

**Cts 11, 15, 25, 40, 44:**
           40 Yrs. And/or $4 Million, $100 Spec Assessment Ea Ct
           5 Yrs Term of Supervised Release for Each Ct.

Ct. 18:    Life Term And/or $4 Million, $100 Spec Assessment
           5 Yrs Max Term of Supervised Released

Ct. 20:    5 to 40 Yrs. And/or $2 Million, $100 Spec Assessment for Ea Ct.
           4 Yrs Min, 5 Yrs Max Term of Supervised Release for Each Ct.

**Cts 22, 45, 46:**
           10 Yrs to Life And/or $4 Million, $100 Spec Assessment
           5 Yrs Term of Supervised Release

**Cts. 23, 41:**
           5 to Life. And/or $4 Million, $100 Spec Assessment
           4 Yrs Min, 5 Yrs Max Term of Supervised Release

Ct. 26:    30 Yrs. To Life And/or $4 Million, $100 Spec Assessment Ea Ct
           5 Yrs Term of Supervised Release for Each Ct.

**Cts. 27, 30, 37:**
           5 Yrs. And/or $250,000.00, $100 Spec Assessment for Ea Ct
           2 Yrs Min, 3 Yrs Max Term of Supervised Release for Each Ct.

Ct. 32:    Life Term And/or $4 Million, $100 Spec Assessment
           5 Yrs Max Term of Supervised Released

Ct. 42:    0 to 20 Yrs. And/or $2 Million, $100 Spec Assessment for Ea Ct
           3 Yrs Max Term of Supervised Release for Each Ct.

Ct. 47:    10 Yrs. and/or $2 Million, $100 Spec Assessment
           5 Yrs Term of Supervised Release

In Jail:                          NAME & ADDRESS